# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Cobige<br><br>Plaintiff(s),<br><br>v.<br><br>PHH<br>Defendant(s). | Case No. 14 c 9340<br>Judge Virginia M. Kendall |

## ORDER

Defendants' Motions to Dismiss (Dkt. Nos. 26, 28, and 31) are granted. The Amended Complaint is dismissed for want of subject matter jurisdiction.

## STATEMENT

Pro se plaintiff Andre Cobige filed a Complaint on November 21, 2014 seeking to quiet title to the property located at 737 Bonaventure Drive in Oswego, Illinois. Cobige filed a substantially similar Amended Complaint on January 6, 2015. (Dkt. No. 13). The property in question was the subject of a foreclosure action in the Circuit Court of Kendall County, Illinois, Case No. 11 CH 1339. (*See* Dkt. No. 30). Cobige's wife was named as the defendant in that lawsuit as her name appeared on the deed, mortgage, and note. Cobige was not a party to that action. After Cobige's attempt to intervene to challenge the foreclosure proceeding proved unsuccessful and the state court entered a judgment of foreclosure, Cobige turned to federal court and filed this action disputing the title and ownership of the same property. In this action, Cobige names several parties he claims had some involvement with the underlying mortgage that was at issue in the state foreclosure proceedings, namely PHH Mortgage Corporation, Mortgage Contracting Services, Amcore Bank, Colwell Banker, and Russ Weglarz. Cobige alleges that the process by which the mortgage was securitized was improper and that the foreclosure is therefore invalid. He further alleges violations of rights secured under the First, Fifth and Fourteenth Amendments to the United States Constitution. Cobige seeks punitive damages in addition to quiet title. The Defendant PHH Mortgage Corporation moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The remaining defendants joined that motion. Because the Amended Complaint alleges neither the existence of a federal question or diversity of citizenship, the Amended Complaint is dismissed for want of subject matter jurisdiction.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the subject matter jurisdiction of the Court. Fed. R. Civ. P. 12(b)(1). "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). In a facial challenge such as this one, all well-pleaded allegations are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). The Court must determine whether the plaintiff's allegations, taken as true, are sufficient to establish the existence of subject matter jurisdiction.

The Court construes the allegations of a pro se complaint liberally. *See Childress v. Walker*, No. 14-1204, 2015 WL 2408070, at *1 n.1 (7th Cir. May 21, 2015) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## DISCUSSION

### I. The *Rooker-Feldman* doctrine is inapplicable

Defendants argue primarily that the *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction over the dispute. The *Rooker–Feldman* doctrine bars federal district courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). "The doctrine does not apply to lawsuits by persons who . . . were not a party to the state-court proceeding." *Sheetz v. Norwood*, No. 14-1732, 2015 WL 1411936, at *2 (7th Cir. Mar. 30, 2015) (citing *Lance v. Dennis*, 546 U.S. 459, 464-65 (2006)); *see also Exxon Mobil*, 544 U.S. at 287 ("the doctrine has no application to a federal suit brought by a nonparty to the state suit").

The doctrine is not applicable here because Cobige was not a party to the state court foreclosure proceeding. In that proceeding, PHH Mortgage obtained a judgment of foreclosure and sale on real property held in the name of Tiffani Wilson, Cobige's wife. (*See* Dkt. No. 30). Wilson's name, not Cobige's, appeared on the note, mortgage, and deed to the property. Cobige sought to intervene in the proceeding, but "the state court denied [Cobige's] motion and found that [Cobige] was not on the deed to the [737 Bonaventure Drive] and had no title to it." (Dkt. No. 26 p. 1; *see also* Dkt. No. 30 p. 86). Thus, Cobige was "a nonparty to the state suit" and the *Rooker-Feldman* doctrine "has no application" to his federal suit. *See Exxon Mobil*, 544 U.S. at 287.

### II. The Court lacks subject matter jurisdiction

#### A. The Complaint does not state a federal claim

The Amended Complaint alleges that Defendants have violated his First, Fifth, and Fourteenth Amendment rights and seeks redress pursuant to either 42 U.S.C. § 1983 or *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).[1] In his response, Cobige alludes to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. The Amended Complaint does not cite any additional federal statutes and the court cannot discern any other potential federal claims. Ultimately, neither of these claims provide a basis for federal question jurisdiction under 28 U.S.C. § 1331.

##### 1. The Complaint does not state a constitutional claim

The Amended Complaint does not state a claim arising under the Constitution. *Bivens* recognizes "an implied private right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). The doctrine, however, is "inapplicable to corporate defendants even when they are acting under color of federal law." *Muick v. Glenayre Elecs.*, 280 F.3d 741, 742 (7th Cir. 2002); *see also Holz v. Terre Haute Regional Hospital*, 123 F. App'x 712, 713 (7th Cir. 2005) ("A *Bivens* claim cannot be brought against a private entity (or individual)"). Because each defendant is a private corporation or individual, *Bivens* is inapplicable.

---

[1] Cobige checked the box on the Northern District of Illinois' form complaint indicating he was seeking redress pursuant to *Bivens*. Construing the Amended Complaint liberally, however, the Court analyzes whether Cobige has asserted a viable constitutional claim under 42 U.S.C. § 1983 as well.

Section 1983 is likewise not applicable to the facts of the Amended Complaint. In order to plead a claim under § 1983, a plaintiff must allege that the defendant acted under color of state law and deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Armato v. Grounds*, 766 F.3d 713, 719-20 (7th Cir. 2014). A private entity acts under color of state law when the "deprivation of federal rights [was] caused by the exercise of a right or privilege created by the state, a rule of conduct imposed by the state, or someone else for whom the state is responsible" and the private entity "may fairly be said to be a state actor." *London v. RBS Citizens, N.A.*, 600 F3d. 742, 746 (7th Cir. 2010). Cobige has not alleged that any defendant is a state actor and the Amended Complaint contains no allegations that any acted under color of state law. Instead, the Amended Complaint alleges that Defendants here are private corporations and a private individual who participated in foreclosure proceedings. The Amended Complaint contains nothing that could be construed as an allegation supporting the inference that any defendant is either a state actor or acted under color of state law. The Amended Complaint therefore fails to state a constitutional claim.

### 2. The Complaint does not state a claim under the fair debt collection practices act

The Amended Complaint fails to state a claim under the FDCPA. The Amended Complaint itself does not reference the FDCPA or allege any facts relevant to an FDCPA claim. Cobige refers to the FDCPA for the first time in his response to Defendants' motions to dismiss. (*See* Dkt. No. 35 p. 3). "[I]t is a basic principle that the complaint may not be amended by briefs in opposition to a motion to dismiss[.]" *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012) (quoting *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989)). While Cobige was free in his response to "elaborate on his factual allegations so long as the new elaborations [were] consistent with the pleadings," this is now what occurred. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). The response to the motion to dismiss does no more than state a handful of legal conclusions tangentially related to the FDCPA. Indeed neither the Amended Complaint nor the response to the motion to dismiss contains any *facts* related to the FDCPA. Because the Amended Complaint contains no factual allegations relevant to the FDCPA, it fails to state a claim under the FDCPA.

### B. Diversity of citizenship does not exist

Because no viable federal claim appears on the face of the Amended Complaint, the Court may exercise subject matter jurisdiction over the remaining state law aspects of the dispute only if diversity of citizenship exists. *See* 28 U.S.C. § 1332. Cobige bears the burden of alleging that complete diversity of citizenship exists and that the amount in controversy exceeds $75,000. *See McMillon v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 845 n.10 (7th Cir. 2009). Cobige has not done so. Cobige is a resident of Illinois. The Amended Complaint does not allege the states of incorporation or the principle places of business of the corporate defendants or the residence of the individual defendant. For this reason alone, Cobige has not carried his burden of establishing that subject matter jurisdiction is proper. The Amended Complaint, however, does list places of "employment" for Amcore Bank, Coldwell Bank, and Russ Weglarz in Illinois. Especially in the case of the individual defendant, these Illinois addresses suggest that at least some defendants are Illinois citizens and thus complete diversity is lacking. *See Riddle v. Deutsche Bank Nat'l Trust Co.*, 599 F. App'x 598, 599-600 (7th Cir. 2015). Because the Amended Complaint does not allege the elements of diversity jurisdiction or any federal claim, the Court lacks subject matter jurisdiction over any state law claims within the Amended Complaint.

## III. In any event, the Amended Complaint is unintelligible

Even if the Court had subject matter jurisdiction over the dispute, the Court would dismiss the Amended Complaint because it is unintelligible. *See Stanard v. Nygren,* 658 F.3d 792, 798 (7th Cir. 2011) ("where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy"); *Davis v. Ruby Foods, Inc.*,

269 F.3d 818, 820 (7th Cir. 2001) ("The dismissal of a complaint on the ground that it is unintelligible is unexceptionable."). The Court is able to extract the legal theories described above only because of various filings' explicit references to those doctrines. Beyond that, the Court is not able to piece together any facts that could form the basis of a case or controversy. The Court is unable to divine from the Amended Complaint's dense prose any substantive allegations of wrongful conduct on behalf of any defendant. The complaint contains "rampant grammatical, syntactical, and typographical errors contribut[ing] to an overall sense of unintelligibility . . . compounded by a vague, confusing, and conclusory articulation of the factual and legal basis for the claims and a general 'kitchen sink' approach to pleading the case." *Stanard*, 658 F.3d at 798. Thus, even if subject matter jurisdiction were proper, the Court would dismiss the Amended Complaint.

## CONCLUSION

The court concludes that it lacks subject matter jurisdiction to hear Cobige's claims and grants Defendants' motions to dismiss pursuant to Rule 12(b)(1). The Amended Complaint is dismissed for want of subject matter jurisdiction.

Date:  6/30/2015

Virginia M. Kendall
United States District Judge